WEST v. BAIN.

Opinion delivered November 9, 1931.

*Murphy & Wood,* for appellant.

*O. A. Featherston,* for appellee.

MCHANEY, J. In November, 1930, appellee H. H. Bain was the owner of a certain lot fronting 33.3 feet on South Border Street in the city of Hot Springs, Arkansas, with a depth of 120 feet, on which there was a five-room frame cottage. Appellee Lula Schardt, Bain's sister, together with her husband, appellee George P. Schardt, occupied said property rent free as his tenant at will. Margaret Duren was the owner of the adjoining lot to the east of the Bain lot with a frontage of 28.4 feet on the same street, on which was a five-room cottage, which she occupied with her husband, J. A. Duren, as their home. These houses were too close together for a driveway between to the rear of the property, which the Schardts especially desired. The Bain house was out of plumb 7 inches and was leaning toward the Duren house. It required repairs to make it safe, and while making the repairs the Schardts thought it would be a good idea to move their cottage to the west two feet which would make room for a driveway between the two cottages by using a portion of both lots. Schardt and Duren entered into a verbal agreement to this effect by which each was to do certain things in constructing the driveway. The Bain cottage was thereafter moved west two feet, but nothing was done about constructing the driveway thereafter except Schardt dumped three loads of rock therein.

Appellant owned the lot directly east of the Duren lot and adjoining it and she desired a driveway between her lot and the Duren lot, the space between the two

being insufficient, so on February 26, 1931, she purchased the Duren lot without any knowledge of the contract between Schardt and Duren for that driveway and received a deed from Margaret Duren and husband with the usual covenants of warranty. She thereafter began preparations to move the cottage which she had purchased from Duren west toward the property line so as to make room between her house and that she had purchased from Duren for a driveway. The appellees thereupon filed this suit against appellant for specific performance of the alleged contract between Schardt and Duren and to enjoin her from moving the cottage which she had recently purchased west towards the west line of her property. On March 4, 1931, the date the suit was filed and seven days after the Durens had sold and conveyed their property to appellant, the Schardts and Durens entered into a written contract embodying the agreement which had theretofore been verbal. On a trial of the case the chancery court found the issues of the case in favor of appellees and entered a decree perpetually enjoining appellant from moving the Duren cottage west toward the property line and from interfering with appellants in their prospective use of the proposed driveway. The case is here on appeal.

The undisputed evidence discloses that appellant knew nothing about the verbal agreement between the Schardts and the Durens for the establishment of the driveway between their property. She knew that the Schardts had improved their property and had moved the house two feet west, but when she was discussing the purchase of the property from Mrs. Duren she asked if there was a contract or any agreement regarding the driveway, and was told that there was not. There was no agreement of record, no conveyance in the form of an easement or otherwise from Mrs. Duren to Bain or the Schardts, giving them the right to the use of a portion of her lot. At the time appellant purchased, the agreement had not been reduced to writing. Since she had no notice, either actual or constructive, of the alleged agree-

ment at the time she purchased, and, having purchased with the distinct understanding that there was no such agreement, it is difficult to perceive on what theory she may be deprived of a portion of her property for private use and against her will without any compensation. Indeed, private property may not be taken for public use without compensation. It is true that there was some testimony on behalf of appellees that appellant should have known of the agreement because it was general talk in the neighborhood, but no witness testified that she did have actual knowledge thereof. The proposed driveway was never constructed, was never used as a driveway, and, since she had no knowledge of the agreement made by her grantors, she is not bound thereby, and the court erred in holding otherwise.

The decree of the chancery court will therefore be reversed, and the cause dismissed.